## Case No. 5,897.

### In re HAFER et al.

[1 N. B. R. 586 (Quarto, 163);[1] 6 Phila. 474; 25 Leg. Int. 164.]

Circuit Court, E. D. Pennsylvania. May 22, 1868.

BANKRUPTCY — EXECUTION CREDITOR — SUMMARY HEARING—PROCEEDINGS TO RESTRAIN EXECUTION CREDITORS—PRIORITY.

1. Where an execution creditor, under a levy prior to proceedings in involuntary bankruptcy, has been delayed by an injunction under such proceedings, he is entitled to a summary hearing at any stage, after the execution of the assignment.
[Cited in Ford v. Keys, Case No. 4,933.]

2. If the injunction has been issued out of the circuit court, under the equitable jurisdiction auxiliary to that of the district court in bankruptcy, the execution creditor may, at his election, require the assignee, as complainant, to proceed in the circuit court in equity, or invoke the summary jurisdiction of the court of bankruptcy for a decision of the question of priority.
[Cited in Re Lanier, Case No. 8,070.]

[In bankruptcy.   In the matter of Hafer & Bro.]   The adjudication of bankruptcy was made in the district court [case unreported], during the pendency of auxiliary proceedings in equity, in the circuit court, to restrain execution creditors.   Under an agreement between these execution creditors and the petitioning creditors, an order was made that the delivery, by the sheriff of Berks county, to the assignee in bankruptcy, of the property levied on at the suit of the execution creditors, might be made without prejudice to such valid and rightful lien, if any, under the levies by the sheriff, as might be sustainable against the assignees; so that the alleged rights of the execution creditors respectively, and the alleged adverse rights

and interest of the assignee, and of the general body of creditors represented by him, might be fully and freely asserted, contested, and decided, under the proceedings in the circuit court, or in the district court in bankruptcy.   The assignee having been appointed and the assignment executed, he was, under an amended and supplemental bill, added, or substituted, as complainant in the proceeding in the circuit court.   The answer of certain execution creditors having been filed, the case was. by consent, set down for a hearing as upon bill and answer, under an agreement that the only question for argument should be, whether the facts in the answer stated were, if proved, sufficient to defeat the bill.   If the court should be of opinion that they were, the complainant was to be at liberty to file a replication and go into proofs.

Mr. Darling, for assignee.
Mr. Greenbank, for execution creditors.

CADWALADER, District Judge.   The effect of the agreement, under which the sheriff relinquished possession of the property levied upon, was to give to the execution creditors an option to proceed summarily in the district court in bankruptcy, to obtain adjudication upon their asserted right of priority, or to require the assignee to proceed in the equity suit in order to sustain, if he could, his asserted adverse right.   So soon as an assignee was duly qualified, the execution creditors might have applied to the district court in bankruptcy for an adjudication upon their asserted priority.   Upon such an application, the case would be referred for summary investigation to a commissioner, or to the register, to report upon the question of priority.   His report would be subject to investigation, as that of a master in chancery or commissioner in ordinary cases, except that in bankruptcy such function may be executed somewhat less formally and more expeditiously.   The execution creditors and the assignee might, perhaps, without any special reference to the register, attend before him and proceed as under such a reference.

Mr. Greenbank, for the execution creditors, then said. that he would prefer proceeding summarily before the register in bankruptcy. The case upon the hearing in equity then went off without any action by the court.   The court, however. intimated that there would have been some difficulty in pronouncing a decision upon the question submitted, because upon a hearing on bill and answer, a greater effect is attributable to the answer than had apparently been here intended on the part of the complainant.

HAGAMAN (WELLS v.). See Case No. 17.-396.

---

[1] [Reprinted from 1 N. B. R. 586 (Quarto, 163), by permission.]